**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4229**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

KENNETH MICHAEL ANDERS,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (CR-02-328)

---

Submitted: June 19, 2003          Decided: June 24, 2003

---

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Michael Anders pled guilty to two counts of credit card fraud, 18 U.S.C.A. § 1029(a)(2), (c)(1)(A) (West 2000 & Supp. 2003). He was sentenced to a term of fifty-four months imprisonment and ordered to pay $308,000 in restitution to Lowe's Home Improvement Warehouse. Anders contends on appeal that the district court erred by giving him a two-level sentencing enhancement for relocating his fraudulent scheme to another jurisdiction to evade law enforcement officials. U.S. Sentencing Guidelines Manual § 2B1.1(b)(8)(A) (2002). We affirm.

Anders began his fraud in Ohio, where he lived. He used fraudulently obtained business contractor account numbers to purchase construction tools and equipment from Lowe's stores, which he then sold to builders and contractors, representing that he was employed by the manufacturer to sell directly from the factory. After he defrauded a series of stores in Ohio, he began making trips to other states to conduct the same fraud. Anders sometimes made multiple purchases from the same store during Lowe's thirty-day billing cycle for commercial accounts, but he moved out of each new area before the account owners could notice the fraudulent activity. He usually transported the merchandise in a rented trailer and delivered it to a number of steady customers.

Anders argues that the enhancement for relocating to another jurisdiction to evade law enforcement does not apply in his case

2

because he never changed his residence or used a disguise.  Neither of these factors is relevant to the court's determination.  He also claims the enhancement does not apply because the amendment that added the enhancement was intended to punish telemarketing fraud.  However, he acknowledges that the enhancement for "sophisticated concealment" was not limited to telemarketing fraud.  <u>See</u> USSG App. C, amend. 577; <u>see also</u> <u>United States v. Singh</u>, 291 F.3d 756, 761 (11th Cir. 2002) ("Sentencing Commission also noted that Amendment 577 may apply to criminal conduct in connection with fraudulent schemes perpetrated by means other than telemarketing fraud.").  We find no error in the district court's determination that the enhancement applied.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>